**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SHERRY MARIE HOLLON,** ) | |
| **Plaintiff,** ) | |
| v. ) | No. 3:15-CV-1938-BF |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION & ORDER**

Sherry Marie Hollon ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act, pursuant to Title 42, United States Code, Section 405(g). Tr. 15, ECF No. 14-3. For the following reasons, the final decision of the Commissioner is AFFIRMED.

**BACKGROUND**

Plaintiff alleges that she is disabled due to a variety of ailments, including obesity, constant IBS, diarrhea, depression, diabetes, arthritis, high blood pressure, asthma, thyroid issues, coronary artery disease, lapse of memory and concentration, insomnia, fatigue, diabetic neuropathy, migraine headaches, and osteoarthritis. Tr. 35-36, ECF No. 14-3. After her application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on September 2, 2014 in Dallas, Texas before ALJ Truett M. Honeycutt. Tr. 34, ECF No. 14-3. Plaintiff was represented at the hearing by Mr. Deletory. Tr. 34, ECF No. 14-3. Also present at the hearing were Medical Experts Dr. Amousa and Dr. Smith, and Vocational Expert Ms. Skinner. Tr. 34, ECF No. 14-3. At the time of the September 2, 2014 hearing, Plaintiff was 59 years old. Tr. 45, ECF No. 14-3. Plaintiff has past work experience as an Accounting Clerk and a

Payroll Clerk. Tr. 37, ECF No. 14-3. Plaintiff graduated from high school and has some college education. Tr. 46, ECF No. 14-3. Plaintiff has not engaged in substantial gainful activity since November 30, 2011. Tr. 17, ECF No. 14-3.

On November 26, 2014 the ALJ issued a decision finding that Plaintiff has not been under a disability from November 30, 2011 through the date of his decision. Tr. 15 & 27, ECF No. 14-3. The ALJ determined that Plaintiff had the following severe impairments: osteoarthritis (bi-lateral knees), morbid obesity, asthma, diarrhea/constipation, and as of October 1, 2013, affective disorder (depression syndrome). Tr. 17, ECF No. 14-3. The ALJ also determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 19, ECF No. 14-3. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except that Plaintiff was limited to lifting 10 pounds occasionally and less than 10 pounds frequently; unlimited in her ability to push and/or pull with her lower right extremity; could frequently push and/or pull with her lower left extremity; limited to sitting for a total of 6 hours in an 8 hour workday, continuously for 45-60 minutes; and limited to standing and walking for a combined total of 2 hours in an 8 hour workday, continuously for 15 minutes. Tr. 21, ECF No. 14-3. The ALJ further determined that Plaintiff must avoid climbing ladders, ropes, and/or scaffolds; have no more than occasional kneeling, balancing, stooping, bending, crouching, or crawling; must avoid concentrated exposure to extreme heat, cold, or respiratory irritants; and have only occasional exposure to uneven terrain. Tr. 21, ECF No. 14-3. The ALJ also determined that Plaintiff needed ready access to the restroom; could perform simple or detailed, but not complex job tasks and instructions; only have occasional contact with others; could

make judgments regarding standard work tasks; and could maintain persistence and pace in an 8 hour workday, 5 days a week, with normal breaks. Tr. 21, ECF No. 14-3. The ALJ concluded that Plaintiff was capable of performing her past relevant work as a Payroll Clerk, because this work does not require the performance of work-related activities precluded by Plaintiff's RFC. Tr. 26, ECF No. 14-3.

The ALJ stated that, while Plaintiff's medically determinable impairments could have been reasonably expected to produce some of the alleged symptoms, Plaintiff's statements regarding the intensity, persistence, and limiting effects of those symptoms were determined to diminish Plaintiff's capacity for basic work activities only to the extent that they could reasonably be accepted as consistent with the objective medical and other evidence, as well as Plaintiff's RFC. Tr. 23, ECF No. 14-3. The ALJ stated that, while he does not doubt that Plaintiff experienced some difficulties, her allegations regarding her impairments and the impact of those impairments on her ability to work were not entirely credible in light of the objective medical finding, Plaintiff's medical history, the degree of medical treatment required, and Plaintiff's descriptions of her activities of daily living. Tr. 23, ECF No. 14-3. The ALJ further found that the intensity of Plaintiff's symptoms, including pain, and the extent of Plaintiff's alleged functional limitations, were not supported by objective findings or the record of medical treatment. Tr. 23, ECF No. 14-3.

The ALJ noted that Plaintiff did not appear to have sought or received any treatment for her knee impairment and that she has not been referred to a specialist nor prescribed any pain relief medication. Tr. 23, ECF No. 14-3. The ALJ further noted that she was not prescribed physical therapy, injections, surgery, or the use of a brace or a cane, and that while she reported suffering from knee pain for over 28 years, she worked full-time and earned above SGA income during some

of those years. Tr. 23, ECF No. 14-3. The ALJ noted that the record contained little evidence of treatment for Plaintiff's asthma condition, her pulmonary function tests were at 90-100%, she was not sent to a specialist for further treatment, she was not prescribed breathing treatments or home oxygen, and no treating source advised her to limit her functional activities due to her asthma. Tr. 23, ECF No. 14-3. With respect to her diarrhea, the ALJ noted that no actual etiology has been determined by her treating sources, no medications have been prescribed, and she did not consult a gastroenterologist, despite being advised to do so. Tr. 23, ECF No. 14-3. With respect to her depression, the ALJ noted that her only treatment for this condition until October of 2013 was a prescription for Zoloft prescribed by her primary care physician, and Plaintiff did not seek specialized care for her depression until her applications were denied, which suggested to the ALJ that she was seeking treatment to generate evidence for her applications and appeal, rather than attempting to obtain relief from genuinely disabling symptoms. Tr. 23-24, ECF No. 14-3. Therefore, the ALJ concluded that Plaintiff's testimony and subjective complaints exceeded the clinical examination findings. Tr. 24, ECF No. 14-3.

The ALJ observed that Plaintiff's described daily activities were considerably more limited than expected, given the nature of the impairments and the relatively routine and conservative nature of her treatments. Tr. 24, ECF No. 14-3. The ALJ noted that Plaintiff's alleged limited daily activities could not be objectively verified with any reasonable degree of certainty, and that even if Plaintiff's daily activities were as limited as Plaintiff alleged, it was difficult to attribute the extent of the limitations to Plaintiff's medical condition, as opposed to other reasons, because of the relatively weak medical evidence. Tr. 24, ECF No. 14-3. The ALJ concluded that Plaintiff's subjective complaints were credible only to the extent that they were compatible with the objective

medical evidence and established RFC. Tr. 24, ECF No. 14-3.

The ALJ noted that Plaintiff applied for and received state unemployment benefits for a considerable period after her alleged onset date and noted that, in order to qualify for those unemployment benefits, the applicant typically has to affirm that he or she is capable of working, and Plaintiff regularly reported that she applied for various jobs. Tr. 24, ECF No. 14-3. Therefore, the ALJ stated that Plaintiff claimed an ability to work when applying for another form of government benefits, while alleging here that she was unable to work during the same time period, which raised questions regarding the reliability of Plaintiff's allegations. Tr. 24, ECF No. 14-3.

The ALJ noted that the record does not contain any opinions from treating physicians regarding Plaintiff's impairments and limitations, but the ALJ stated that he gave some weight to the findings of the consultative examiner regarding Plaintiff's functional limitations, because they were consistent with the overall record of evidence, despite the fact that they were based on a one time examination. Tr. 25, ECF No. 14-3. The ALJ further noted that the record included RFC assessments and PRTF findings completed by state disability determination services ("DDS") physicians and psychologists which were relied upon in denying Plaintiff's application at the initial and reconsideration levels and conflicted with the ALJ's RFC finding. Tr. 25, ECF No. 14-3. The ALJ stated that, while the DDS consultants completed RFC assessments and other forms, they were not accompanied by any underlying substantive explanations. Tr. 25, ECF No. 14-3. The ALJ noted that the consultants did not explain in the initial or reconsideration determinations why Plaintiff's statements regarding the intensity, persistence, functionality, and limiting effects of her symptoms were not substantiated by the record. Tr. 25, ECF No. 14-3.

Plaintiff appealed the ALJ's decision to the Appeals Council. Tr. 1, ECF No. 14-3. On April

9, 2015, the Appeals Council affirmed the ALJ's decision. Tr. 1, ECF No. 14-3. Plaintiff subsequently filed her action in the Northern District of Texas on June 4, 2015. Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
>
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
>
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
>
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
>
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other

> factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Id.* (quoting *Morris v. Bowen*, 864

F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure.").

## ANALYSIS

Plaintiff argues that because the ALJ found that she has severe bilateral knee osteoarthritis, morbid obesity, asthma, diarrhea/constipation, and affective disorder as of October 1, 2013, the ALJ acknowledged that her impairments were more than slight abnormalities that would not be expected to interfere with her ability to work. Pl.'s Br. 3-4, ECF No. 21. Plaintiff argues that the ALJ failed to properly accommodate all of her limitations from her severe medical impairments when determining her RFC. Pl.'s Br. 4, ECF No. 21. Specifically, Plaintiff argues that the ALJ failed to fully address her time off task resulting from her diarrhea/constipation. *Id.* at 4, ECF No. 21. Plaintiff points out that she testified that diarrhea is a major problem that interferes with her ability to work and that on bad days, she spent about two hours in the restroom. *Id.* at 4, ECF No. 21. Plaintiff points out that the ME, Dr. Amousa testified that Plaintiff's diarrhea and constipation were severe impairments and that Plaintiff would need additional bathroom breaks to accommodate her condition. *Id.* at 4, ECF No. 21.

The Commissioner argues in her brief that substantial evidence supports the ALJ's RFC

assessment. Def.'s Br. 4, ECF No. 22. The Commissioner points out that the ALJ noted that Plaintiff applied for and received unemployment benefits for a considerable time period, from 2011 through the first quarter of 2013, after her alleged disability onset date of November 30, 2011. *Id.* at 5, ECF No. 22. The Commissioner further points out that the ALJ noted that Plaintiff testified that she applied for various jobs and that Plaintiff told the unemployment office that she was available, capable, and looking for work. *Id.* at 5, ECF No. 22. The Commissioner argues that the receipt of unemployment benefits, by its very nature, means that Plaintiff considered herself able to work. *Id.* at 5, ECF No. 22 (citing TEX. LAB. CODE § 207.021(a)). The Commissioner points out that the ALJ properly concluded that Plaintiff's application and receipt of unemployment benefits from one government agency, while claiming to be disabled with a different agency put into question the reliability of her allegations. *Id.* at 6, ECF No. 22. The Commissioner further points out that the ALJ noted that Plaintiff worked at the substantial gainful activity level from 1998 through 2011, but stated in November of 2013 that she suffered from "explosive" diarrhea during the 15 years prior. *Id.* at 6, ECF No. 22. The Commissioner argues that Plaintiff's ability to work despite an alleged impairment is relevant in evaluating Plaintiff's disability. *Id.* at 6, ECF No. 22.

The Commissioner further notes that Plaintiff testified that she left her job because she was laid off, not because of an impairment. *Id.* at 6, ECF No. 22. The Commissioner argues that the ALJ properly found that Plaintiff's allegations were less than credible when she left work for reasons other than an impairment, and Plaintiff worked for years with impairments Plaintiff now alleges are disabling. *Id.* at 6, ECF No. 22. The Commissioner argues that the ALJ found Plaintiff's diarrhea to be severe and incorporated limitations supported by the record as a whole into her RFC in order to accommodate her condition. *Id.* at 7, ECF No. 22. The Commissioner points out that Dr. Amousa

noted Plaintiff's subjective complaint that her diarrhea caused her to use the restroom for an hour or two per day, but concluded that such an allegation was not supported by the medical record. *Id.* at 7, ECF No. 22. The Commissioner also points out that the ALJ noted that Dr. Amousa observed that Plaintiff was not prescribed medication for her diarrhea, and that Plaintiff did not consult a gastroenterologist, despite being advised to do so since the year 2000. *Id.* at 7-8, ECF No. 22. The Commissioner further points out that, although Plaintiff stated that she failed to so because could not afford such medical care, Plaintiff failed to explain what steps she took to learn about available indigent options. *Id.* at 8, ECF No. 22. The Commissioner contends that after giving great weight to Dr. Amousa's opinion, the ALJ included in the RFC assessment the limitation of "ready access to restrooms" in order to accommodate Plaintiff's severe diarrhea/constipation. *Id.* at 8, ECF No. 22. Plaintiff did not file a reply addressing the arguments set forth in the Commissioner's response brief and the time to do so has passed.

While Plaintiff argues that she suffers from a disabling impairment, the record in this case does not support Plaintiff's allegation. As the Commissioner argues, Plaintiff's application and receipt of unemployment benefits from one government agency, while Plaintiff claimed to be disabled with a different agency puts into question the reliability of Plaintiff's disability allegation. *See* Def.'s Br. 6, ECF No. 22; *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987) ("Appellant was still working when he applied for disability insurance benefits on July 10, 1984. In his application, appellant stated that he was unable to continue performing 'hard work,' implicitly suggesting he was capable of 'lighter work.' Additionally, appellant testified at his hearing that while seeking a new job, he submitted to prospective employers a resume that indicated he was in 'excellent health.' The ALJ concluded that the appellant considered himself capable of working and therefore discredited

his complaints of debilitating pain. We conclude that the ALJ did not err in making its credibility determinations that appellant's pain did not prevent him from performing the full range of light activities or prevent him from engaging in past relevant work."); *Milligan v. Colvin*, No. 3:14-CV-868-L, 2014 WL 7028038, at *9 (N.D. Tex. Dec. 12, 2014) ("[T]he ALJ determined that Milligan's work activity during the period of alleged disability and statements that he was ready, willing, and able to perform additional work tend to discount the credibility of Plaintiff's claim of disability. . . . [T]he ALJ's finding in this regard also conforms to other Fifth Circuit cases that acknowledge that a Plaintiff's search for employment or active participation in employment during the alleged period of disability do not support allegations of severe impairment." (citing *Lehman v. Apfel*, No. 7:00-CV-14-AH, 2001 WL 1335902, at *8 (N.D. Tex. Oct. 23, 2001); *Jones*, 829 F.2d at 527; *Parfait v. Bowen*, 803 F.2d 810, 813-14 (5th Cir. 1986))).

As the Commissioner further points out, the fact that Plaintiff engaged in substantial gainful activity during the same time period she alleged that she suffered from explosive diarrhea also raises questions regarding her present claim that her diarrhea severely interferes with her ability to work. Pl.'s Br. 4, ECF No. 21; Def.'s Br. 6, ECF No. 22; Tr. 818, ECF No. 15-5; Tr. 205, ECF No. 14-7. In addition, as pointed out by the Commissioner, while Plaintiff contends that she did not seek medication or consult with a gastroenterologist for her diarrhea due to financial reasons, Plaintiff also stated that she suffered from severe diarrhea during the time she worked and could have presumably afforded such medical care. Def.'s Br. 8, ECF No. 22; Tr. 818, ECF No. 15-5; Tr. 205, ECF No. 14-7. As argued by the Commissioner, the ALJ does not need to consider an alleged inability to pay for treatment where there is no evidence showing that Plaintiff sought low-cost alternatives. *See* Def.'s Br. 8, ECF No. 22; *Mason v. Comm'r*, No. 3:08-CV-236-O (BH), 2009 WL

11

400831, at *9 (N.D. Tex. Feb 13, 2009) ("Because Plaintiff has not shown that she did not have access to free or low-cost medical services, the requirement that the ALJ consider Plaintiff's inability to pay for medical treatment does not apply.").

The Court is to give great deference to the Commissioner's determination. *See Leggett*, 67 F.3d at 564. In consideration of the foregoing, the Court finds that substantial evidence supports the final decision of the Commissioner.

## **CONCLUSION**

For the reasons stated above, the final decision of the Commissioner is AFFIRMED.

SO ORDERED, this 12th day of September, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE